IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA *

vs. * CRIMINAL NO. MJG-12-0274

KEITH MASSENBURG *

* * * * * * * * *

MEMORANDUM AND ORDER RE: MOTION TO SUPPRESS

The Court has before it Defendant Keith Massenburg's Motion to Suppress Evidence Seized Pursuant to Search Warrant [Document 20]. The Court has held an evidentiary hearing and has had the benefit of the arguments of counsel. The Court finds the facts reflected herein based upon its evaluation of the evidence presented and the reasonable inferences drawn therefrom.

## I. BACKGROUND

On March 2, 2012, Baltimore City Police officers executed a search warrant ("the Warrant") authorizing the search of 1632 North Caroline Street ("the Location") and the person of Defendant Keith Massenburg ("Massenburg").

Massenburg contends that the Warrant was issued based upon an affidavit that failed to establish the requisite probable cause. He further contends that the affidavit, presented to the State judge by Detective Joseph Crystal (the "Affiant"), contained false and misleading statements.

Accordingly, Massenburg seeks suppression of the tangible evidence seized in the search of the Location[1] and of the oral statements made by him during the execution of the search.[2]

II. DISCUSSION

There is a reasonable argument presented regarding the adequacy of the Warrant affidavit. However, even if the Court were to disagree with the State judge's probable cause finding, it would not suppress the evidence by virtue of the "good faith exception" recognized by the Supreme Court in United States v. Leon, 468 U.S. 897 (1984). Hence the Court will proceed directly to the good faith issue. See United States v. Perez, 393 F.3d 457, 460 (4th Cir. 2004) (explaining that where defendant challenges both the probable cause determination and the application of the good faith exception, the court may proceed directly to the issue of good faith).

In Leon, the Supreme Court held that evidence obtained pursuant to a search warrant issued by a neutral magistrate, later found to be unsupported by probable cause, will not be suppressed if the officer, in good faith, reasonably relied on the warrant's validity. The "good faith" exception is not

[1] And any evidence that may have been seized from his person.

[2] The Court denied a motion seeking suppression of the statements on Miranda grounds with leave to renew should the instant motion be granted [Document 31].

available if (1) the magistrate was misled by information in an affidavit that the officer knew was false or would have known was false except for the officer's reckless disregard for the truth, (2) the warrant is based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable," or (3) the magistrate abandoned his or her neutral and detached posture. Leon, 468 U.S. at 922-23; United States v. Hyppolite, 65 F.3d 1151, 1156 (4th Cir. 1995). None of these disqualifying criteria is present.

A. Knowing or Reckless Falsity

1. Informant’s Illegal Activity

Massenburg asserts the affidavit misleadingly omitted the fact that the Informant’s illegal drug activity violated General Order 20-77 on Informants/Sources of Information issued by the Baltimore Police Department.

The Warrant affidavit stated that the Informant advised the Affiant that "he/she has been buying grams of raw heroin from ‘Keith’ multiple times a week since January 2012." Thus, while the affidavit does not expressly refer to the General Order, the State judge was informed of the Informant’s illegal activity and was not led to believe that the January drug purchases were done in conjunction with a law enforcement activity.

2. Reference to the "Residence"

The Warrant affidavit stated that the Affiant saw Massenburg "exit and enter the residence from the rear entrance." The Location, 1632 North Caroline Street, is in the middle area of a block of row homes. The rear door opens to a fenced-in yard that opens to an alley. The evidence, including Government counsel's proffer as to the Affiant's location, establishes that the Affiant did not actually see Massenburg enter or leave from the rear door of the house.[3] Rather, the evidence demonstrates that the Affiant observed Massenburg enter and exit the fenced-in yard.

The Court finds the reference to the "rear entrance" of the residence ambiguous. However, even if the reference is taken to erroneously refer to the rear door of the row home, the error is immaterial in context. If the State judge had expressly been told that the Affiant saw Massenburg exit and enter the backyard of the house, there would be no material diminishment of the probable cause showing. There was nowhere for Massenburg to go once entering the backyard except through the rear door of the house. There is nothing to suggest any plausible reason to

[3] As illustrated by the Defense's photographic evidence, the house at the Location is the fifth row home from the corner of E. Lanvale Street and N. Caroline Street and the "rear entrance" is accessible from an alleyway off of E. Lanvale Street, which runs behind the row homes on that block. The Government proffered at the hearing that the Affiant's vantage point was the corner of E. Lanvale Street and the alleyway.

believe that Massenburg would remain in the backyard rather than enter the house.

Therefore, the Court does not find the ambiguous reference to the entrance of the "residence from the rear entrance" to constitute a knowing or reckless falsehood.

3. The Young Conviction

In the midst of a list of Massenburg's convictions, the Affiant included a reference to a 1998 arrest and conviction of someone named Young. The Young conviction was an obvious editorial error. It was out of chronological order and the affidavit did not state that the Young conviction was a conviction of Massenburg. Moreover, the Young conviction – even if viewed as one of Massenburg – was immaterial in view of Massenburg's actual criminal record.

The Court does not find the erroneous inclusion of the Young conviction to justify the inapplicability of the Leon exception. See United States v. Gary, 528 F.3d 324, 329 (4th Cir. 2008) (explaining the finding of probable cause was not based on a knowing or reckless false statement where the "typographical mistake as to the year was inadvertent, and at best could be chalked up to negligence on the fault of the officer who prepared the affidavit").

4. The Specific Date Omission

The Warrant affidavit states that the Informant contacted the Affiant during "the third week of February 2012" and that the Affiant observed the alleged drug transaction during "the last week of February 2012."

Massenburg contends that the affidavit's omissions of the specific date on which the Informant provided the tip to the Affiant and the specific date on which the Affiant observed, what he believed to be, Massenburg conducting an illegal drug transaction inside a vehicle are deliberately misleading. The Court does not agree.

Massenburg does not suggest that reference to any specific day within the weeks in question would be material. The Affidavit adequately informs the State judge of the pertinent time frame of the actions. While it may have been more "professional" to refer to the specific dates of the events, there is nothing to indicate that the omission was done recklessly or with the intent to mislead.

B. Belief in Validity

The Court finds there to be a legitimate question as to whether the affidavit presents probable cause. However, the Court does not find the answer to that question to be obvious. Rather, there are reasonable arguments on both sides of the

issue. Hence, the Affiant and other officers executing the Warrant were not acting unreasonably by believing in its validity.

C. Abandonment of Neutrality

There is nothing to indicate that the State judge issuing the Warrant abandoned her neutral and detached posture.

D. Frank's Hearing

Massenburg asserts he is entitled to a hearing under Franks v. Delaware, 438 U.S. 154 (1978), to evaluate the alleged false statements and omissions in the warrant affidavit discussed supra. In order to obtain a Frank's hearing, a defendant must first make "a substantial preliminary showing" that a false statement or omission "knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit." United States v. Colkley, 899 F.2d 297, 300 (4th Cir. 1990) (internal quotations omitted). For the reasons discussed herein, Massenburg has not made such a showing. Accordingly, Massenburg is not entitled to a Frank's hearing.

## III. CONCLUSION

For the foregoing reasons:

1. Defendant Keith Massenburg's Motion to Suppress Evidence Seized Pursuant to Search Warrant [Document 20] is DENIED.

2. The evidence at issue is not suppressed.

SO ORDERED, on Wednesday, October 31, 2012.

/s/
Marvin J. Garbis
United States District Judge