```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

KEITH MASSENBURG                *

         Petitioner             *

              vs.               *   CIVIL ACTION NO. MJG-13-3920
                                       (Criminal No. MJG-12-0274)
UNITED STATES OF AMERICA        *

         Respondent             *

*        *        *        *        *        *        *        *        *
```

MEMORANDUM AND ORDER

The Court has before it Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [Document 50] and Petitioner's Petition for Leave to Amend [Document 71]. The Court finds that a hearing is unnecessary.

I.  BACKGROUND

On December 19, 2012, Petitioner was convicted on a plea of guilty to possession with intent to distribute heroin. The plea agreement, under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, included the parties' stipulation that the appropriate sentence was 120 months incarceration concurrent with any sentence imposed for violation of supervised release conditions in MJG-99-0435. See [Document 38]. On December 19, 2012, the Court imposed the sentence that the parties had

stipulated was the appropriate disposition of the case.  See [Document 40].

By the instant Motion, timely filed, pursuant to 28 U.S.C. § 2255, Petitioner seeks to have his conviction and sentence vacated.

## II. GROUNDS ASSERTED

Petitioner asserts the following grounds for relief:

1. He was denied the effective assistance of counsel due to counsel's failure to:

    a. Seek dismissal based on the alleged inadequacy of the Superseding Indictment due to the absence of a specified drug amount; and

    b. Obtain a contemporaneous Presentence Report prior to sentencing.

2. The Court did not utilize a contemporaneous Presentence Report and "did not independently verify the information in the [Presentence Report that had been prepared in 2000] himself or with the defendant prior to Sentencing."

[Document 50] at 5.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

In order to prevail on a claim that counsel's representation violated his Sixth Amendment right to effective assistance of counsel, Petitioner must show (1) "that counsel's representation fell below an objective standard of

2

reasonableness,"[1] and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome [of the proceedings]." Id. at 694.

Petitioner bases his ineffective assistance claim on counsel's failure to:

>    a.   Seek dismissal based on the alleged inadequacy of the Superseding Indictment due to the absence of a specified drug amount.
>
>    b.   Obtain a Presentence Report.

A.   Adequacy of the Superseding Indictment.

Petitioner pleaded guilty to Count Two of the Superseding Indictment, which states:

> On or about March 2, 2012, in the District of Maryland, the defendant,
>
> KEITH DONNELL MASSENBERG,
>
> did knowingly, intentionally and unlawfully possess with intent to distribute a quantity of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance.
> 21 U.S.C. § 841 (a)(1).

[Document 33] at 2.

---

[1] Thus overcoming a presumption that counsel's conduct (i. e. representation of the criminal defendant) was reasonable. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984).

This statement was adequate to state the necessary elements of a violation of 21 U.S.C. § 841. The Superseding Indictment was not required to include a specific drug weight.

As stated in United States v. Obi, 239 F.3d 662, 667 (4th Cir. 2001):

> The amount charged in the indictment – a "detectable amount" of heroin – fulfills the language of 21 U.S.C. § 841 prohibiting the distribution of "a controlled substance." Accordingly, Obi's indictment properly charged him with every element of a crime for which he was subsequently found guilty by a jury beyond a reasonable doubt. Obi's assignment of error, therefore, cannot relate to the indictment or jury finding of guilt on that indictment, but must relate to sentencing, during which the district court fund that Obi was involved in the distribution of 1-3 kilograms of heroin by a preponderance of the evidence and relied on that amount of fixing the final sentence.

Petitioner's reliance upon Alleyne v. United States, 133 S.Ct. 2151 (2013) is misplaced. Petitioner was not sentenced to ten years of incarceration by virtue of any judicial finding[2] of a specific quantity of heroin triggering a mandatory minimum sentence.

Petitioner's ten-year sentence was agreed upon expressly by Petitioner in the plea agreement. This agreement was emphasized during the Rule 11 (guilty plea) proceeding.

---

[2] Petitioner stipulated, in his plea agreement, that he had possessed 1.36 grams of raw heroin. See [Document 38] at 4.

>   THE COURT:  Now, you also understand that <u>this is a plea agreement to an agreed sentence of 120 months.  I don't have to accept it, but if I accept that plea agreement, that's going to be your sentence.</u>
>
>   If I don't accept it, well, if I said your sentence is more, you have a right to withdraw your guilty plea.  If I say it's less, the government has the right to withdraw the guilty plea.
>
>   But the maximum legal penalty for this offense would be 20 years, and that's followed by a term of supervised release of at least three years, apparently.  And there could be a fine, which could be as little as a hundred dollars called an assessment, it could be as high as a million dollars if you had a lot of money.
>
>   So do you understand that's the possible sentence?
>
>   THE DEFENDANT:  Yes.
>
>   THE COURT:  All right.  In many cases, your sentence is determined, and certainly I have to look at it, the guidelines that I have to consider your agreement and whether under the statute it's reasonable and appropriate to sentence you to either the sentence you've agreed upon or something else.
>
>   <u>But as far as you're concerned, it's either ten years or this agreement is over.</u>
>
>   <u>Do you understand that?</u>
>
>   THE DEFENDANT:  <u>Yes.</u>

Tr. Dec. 19, 2012 at 6:9-7:9 (emphasis added)

Petitioner's counsel was not ineffective because he "failed to" assert a meritless motion for dismissal based upon the

5

alleged inadequacy of the Superseding Indictment to include a specific drug weight in the Count to which Petitioner pleaded guilty.

B. The Presentence Report

A presentence report was prepared in connection with Petitioner's sentence imposed in 2000 in United States v. Massenburg, MJG-99-0435. That report reflected Petitioner's Criminal History Category as VI. By 2012, due to the passage of time, Petitioner's Criminal History Category had decreased for Sentencing Guidelines purposes to III.

By virtue of the plea agreement, the Government did not proceed against Petitioner on the felon in possession of a firearms charge, which would have required a mandatory minimum of fifteen years imprisonment. Instead, Petitioner was able to plead guilty only to a drug offense that had no such mandatory minimum sentence. See Tr. Dec. 19, 2012 at 17:19-18:14.

Petitioner's counsel did not demand a presentence report but moved to proceed to sentencing without one.

> THE COURT: All right. I understand that I think, Mr. Hurson, do you wish to move for sentencing?
>
> MR. HURSON: Yes, Your Honor.
>
> THE COURT: All right. In the absence of objection from the government with the plea

6

> agreement, I find that I can comply with
> Section 3553 based on the record before me.
> So we can proceed to sentencing.

Id. at 15:20-16:1.

If a contemporaneous presentence report had been prepared, it would have reflected that, for the instant case, Petitioner's Sentencing Guidelines computation was Offense Level 10, Criminal History Category III, with a guideline range of 10 to 16 months imprisonment.  Id. at 17:23-18:2, 18:15-18.  However, in the plea agreement, the parties agreed that the Court would impose a variant sentence of 120 months.  The situation was made clear during the sentencing hearing.

> THE COURT:  All right.  Given that, the first step in sentencing is the determination of the guideline range, and the way I view the guideline range taking into account that Mr. Massenburg is a career criminal, I come out with Offense Level 24 and Criminal History Category VI.
>
> Does anybody have a dispute about that?
>
> MR. HURSON:  Yes, Your Honor.  Mr. Massenburg's presentence report is from his conviction in the year 2000.  The presentence report before Your Honor is from that case.  I don't know of a second one that was prepared.
>
> . . . .
>
> THE COURT:  This is the report in the earlier case.
>
> MS. SHRUM:  That was prepared in November of 2000.

THE COURT: All right. Now, I see. I see. Okay.

MR. HURSON: What we're hoping to do is simply to update that through Miss Shrum with new information, but with respect to Mr. Massenburg's criminal history and overall guideline range, because of convictions timing out, Mr. Massenburg would actually have five criminal history points and therefore would be a Criminal History Category III, with a guideline range that we've agreed upon for Count 2, that would be a 10, Criminal History Category III, which would normally result in an advisory range of 10 to 16 months.

So obviously our agreed-upon disposition suggests a significant upward variance. The reason for that, and the government, had they proceeded on other charges, may have been able to convict Mr. Massenburg for a firearms charge.

As Your Honor's well aware under the Armed Career Criminal Act, prior convictions do not time out as they do under the guidelines. Therefore, had Mr. Massenburg been convicted of being a felon in possession of a firearm, the government's position is it could have extracted a 15-year mandatory minimum penalty. So our plea negotiations resulted in what we have before you, which is an upward variance on the second count.

THE COURT: Very well. All right. <u>So that the guideline range as it stands now is Offense Level 10, Criminal History Category III?</u>

MR. HURSON: <u>That's correct.</u>

THE COURT: All right. 10 to 15 months. Very well.

8

> <u>So that to impose the sentence would require a substantial variance, and that's part of the plea agreement?</u>
>
> MR. HURSON:  <u>That's correct.</u>
>
> THE COURT:  All right.  Fine.
>
> MR. HURSON:  And I could give you the guideline range on the violation [of supervised release in MJG-99-0435] as well, which would be a Category VI, because that relates back to the original 2000 PSR, which would make the guideline range for the violation he has admitted to, to be 8 to 14 months.  And what we've agreed on is that it will be an 8-month concurrent sentence with the underlying charge.
>
> THE COURT:  All right.  I understand.  All right.

Id. at 16:25-19:5 (emphasis added).

Petitioner does not suggest what might have been included in a presentence report prepared prior to sentencing that likely would have resulted in a sentence lower than the sentence to which he agreed.

Petitioner's counsel was not ineffective because he "failed to" demand a contemporaneous presentence report.  Nor was there any judicial error in proceeding to Petitioner's sentencing in the absence of a contemporaneous presentence report.

9

IV.  DUE PROCESS

Petition contends that he was denied due process because the Court did not independently verify – or review with Petitioner – the information that would have been included in any presentence report considered in regard to the sentence imposed.  As discussed above, there was no need for a presentence report in the instant case.  Moreover, Petitioner does not suggest anything that would have been included in a presentence report that would have made any difference in regard to the sentence imposed.

V.  AMENDMENT

Petitioner states in his Petition for Leave to Amend that he wishes to amend the instant Motion.  However, he presents no amendment.  Instead, he presents additional arguments in reply to the Government's Response to the instant Motion.  The Court has considered the contentions made therein in reaching the instant decision.  The Court will not permit an amendment of the instant Motion but will accept the filing as a supplement to Petitioner's Response [Reply] [Document 70].

VI.  CONCLUSION

For the foregoing reasons:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [Document 50] is DENIED.

2. Petitioner's Petition for Leave to Amend [Document 71] is DENIED but the pleading is accepted as a supplement to the reply to the Government's Response to the instant Motion.

3. The case shall be dismissed with prejudice.

4. Judgment shall be entered by separate Order.

SO ORDERED, on Monday, June 1, 2015.

/s/
Marvin J. Garbis
United States District Judge